# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| TINA L. HART,<br><br>Plaintiff,<br><br>v.<br><br>SSA MARINE, INC., a Washington corporation; PACIFIC MARITIME ASSOCIATION, a California corporation; and INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 21.<br><br>Defendants. | No. C08-5248 RBL<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiff, Tina Hart, through her counsel of record, Anne-Marie E. Sargent and Stephen P. Connor of Connor & Sargent PLLC, Defendants International Longshore and Warehouse Union, and International Longshore and Warehouse Union, Local 21, through its counsel of record, Beth Ross and Jacob Rukeyser of Leonard Carder LLP, and Defendant Pacific Maritime Association, through its counsel Clemens Barnes of Graham & Dunn PC, hereby stipulate as follows:

### 1. Confidential Information

"Confidential Information" as used herein shall mean any information disclosed in this proceeding, whether disclosed in an interrogatory answer, during a deposition, by way of a written statement in a document, or otherwise, that a party designates as "confidential" irrespective of who produced the information, and that relates to: medical records and medical information; trade secret and proprietary business information as defined in the Uniform Trade Secrets Act, RCW 19.108.010(4), and/or information concerning personnel, pay, tax identification numbers, or employment records of current or former employees of, or members of the bargaining units represented by, Defendants other than the Plaintiff.

A party may designate any document produced in discovery as Confidential Information by stamping the word "CONFIDENTIAL" thereon. Even if not initially stamped "CONFIDENTIAL" prior to production, both parties reserve the right to identify as confidential any documents produced for inspection and selected by the receiving party for copying. Such Confidential Information, marked "CONFIDENTIAL," shall not be utilized or disclosed by the receiving party, its agents or its employees, except in accordance with the terms of this Order.

A party may designate portions of deposition transcripts, or transcripts as a whole, to constitute Confidential Information which are then subject to this order. A party may designate those portions of the testimony in the transcript as containing Confidential Information at the time of the deposition or thirty (30) days after receipt of the transcript. The reporter shall promptly conform the original copy by noting on the cover of the deposition transcript that portions of the deposition transcript contain confidential information and by stamping the word "CONFIDENTIAL" on each page, and counsel shall conform their copies of the transcript in accordance with the designation. The portions so designated shall

**CONNOR & SARGENT PLLC**
1200 Fifth Avenue, Suite 1650
Seattle WA 98101
(206) 654-5050 • FAX (206) 654-0011

thereafter not be utilized or disclosed by the other party, its agents or its employees, except in accordance with the terms of this Order. However, if portions of the transcript must be filed within 30 days in court, the designating party must move for protection of those portions after filing.

Notwithstanding the designation as "CONFIDENTIAL" of any testimony, evidence or other matters as provided above, said documents, testimony, evidence and matters shall not in fact be deemed Confidential Information and shall not be subject to this Order, if the other party sustains the burden of showing that the substance thereof:

(i) is, at the time of disclosure by the designating party, public knowledge by publication or otherwise;

(ii) becomes at any time, through no act or failure to act on the part of the receiving party and without breach of any obligation of confidence, public knowledge;

(iii) is, at the time of disclosure by the designating party, already in the possession of the receiving party and was not acquired directly or indirectly from the designating party, although this provision shall not apply to medical information, or information related to leaves of absence or requests for leave; or

(iv) has been made available to the receiving party by a third party who obtained the same by legal means and without any obligation of confidence to the designating party.

**2.     Reasonable Efforts**

The parties shall use reasonable efforts to designate Confidential Information only as necessary to protect their respective interests, including the interests of members of the bargaining units represented by Defendants. Any information, document, transcript or thing not designated as "CONFIDENTIAL" shall not be covered by this Order, provided, however,

that medical records and discipline records of non-party employees are CONFIDENTIAL regardless of whether they have been marked, and provided further that inadvertent production of any information, document or thing without a designation of "CONFIDENTIAL" shall not in and of itself be deemed a waiver of any party's claim of confidentiality as to such matter, and the party thereafter may designate the same as "CONFIDENTIAL." Further, if any information is initially undesignated and a party later determines that the information is confidential, it shall notify the other parties of the new Confidential Information designation and provide replacement documents with the appropriate CONFIDENTIAL mark. The new designation will be effective upon receipt of such notification and replacement documents, and will be implemented as soon as reasonable by the receiving party. Disclosure by any party of such matter prior to notice by any party of the confidential nature thereof shall not be deemed a violation of this Order.

**3.     Persons Bound By This Order**

The persons bound by this Order are:

(a)     All present parties to this proceeding;

(b)     All individual, corporations or other entities who later appear as parties to the proceeding;

(c)     The employees, agents, and attorneys of the parties, including counsel of record, experts and consultants; and

(d)     All third party respondents to any discovery request by any party.

In the event that additional persons become parties to this litigation, they shall not have access to Confidential Information produced by or obtained from any party until such new party and the existing parties execute a copy of this Stipulation and Protective Order.

### 4. Obligations of Persons Bound By This Order

No person bound by this Order shall disclose Confidential Information to any other person other than as provided in paragraph 5 below. No person bound by this Order shall use Confidential Information for any purpose other than the prosecution or defense of this proceeding. The attorneys of record for the parties to this proceeding shall make the terms of this Order known to all others persons bound by this Order and, together with their clients, are responsible for compliance with this Order.

### 5. Person Who May Receive Confidential Information

The only persons to whom confidential Information may be disclosed ("Designated Persons") by either party are:

(a) Parties and attorneys of record for any parties to this proceeding requesting discovery of the Confidential Information, including the paralegal, stenographic, contract and clerical employees associated with the attorneys;

(b) Members of any party's in-house legal staff, including attorneys, paralegals and staff, who are directly involved in this proceeding,

(c) Third party experts, consultants and investigators who are assisting the parties or the attorneys in this proceeding; however, prior to disclosure of any Confidential Information, such third parties shall agree to be bound by this Order;

(d) Any person upon the written agreement of the attorneys for the parties, or upon Order of the Court;

(e) The Court, judges and Court personnel in pleadings or testimony related to this matter;

**CONNOR & SARGENT PLLC**
1200 Fifth Avenue, Suite 1650
Seattle WA 98101
(206) 654-5050 • FAX (206) 654-0011

(f) Actual and potential witnesses to the extent necessary to verify or challenge the information; or

(g) Court reporters involved in taking depositions in this case.

No Confidential Information may be disclosed, either directly or indirectly, except by prior written approval of the parties or pursuant to an order of this court (where applicable), except to the persons specified above.

### 6. Confidentiality Challenge

If any party to the proceeding believes that designated Confidential Information should not be subject to this Order, the party may provide written notification to the other party. The notice shall clearly specify the designated information and the reason(s) for the belief that the designated information is not properly subject to this Order. The designating party may bring a motion seeking an order of the court to determine if the designated Confidential Information is properly subject to this Order. If such a motion is brought, the designated Confidential Information shall remain subject to this Order until the court makes its determination. At the time for hearing any such motion, the party seeking to hold the information confidential shall have the burden of going forward with evidence to show that the information designated as confidential should come within the protection of this Order.

### 7. Confidential Information in Court Filings and at Trial

All Confidential Information that is submitted to or filed with the Court shall be submitted or filed under separate cover and shall be placed under seal, pursuant to Local Civil Rule 5(g). Likewise, any filing that references information or records that have been designated "Confidential Information" shall be filed under seal, pursuant to Local Civil Rule 5(g). With respect to employee discipline records, filing such Confidential Information under

**CONNOR & SARGENT PLLC**
1200 Fifth Avenue, Suite 1650
Seattle WA 98101
(206) 654-5050 • FAX (206) 654-0011

seal shall not be necessary if the Confidential Information is redacted to remove all letters of the non-party's last name except the first letter, and the non-party's, contact information and social security number. The parties will discuss with the Court in the pre-trial conference the handling of such information at trial.

The designation of any information, documents or things as confidential during discovery does not imply agreement nor raise an inference of such a designation or treatment at trial.

**8.      Amendments of Order**

Any party may move for relief from, or general or particular modification of, the mechanism and need for maintaining confidentiality provided in this Order or the application of this Order. Subject to Court approval, this Order may be amended by the written agreement of counsel for the parties to this agreement and any pertinent third parties in the form of a stipulation.

**9.      Duration of Order**

This Order is intended to regulate the handling of Confidential Information during the entirety of this proceeding and thereafter, and shall remain in full force and effect until modified, superseded or terminated on the record by agreement of all the parties to this proceeding and any pertinent third parties or by Order of the Court. This Order shall become effective as between the parties when executed, with or without the Court's entry of same.

**10.     Miscellaneous**

(a)     Nothing in this Order prevents a party from seeking additional or difference protection of Confidential Information.

**CONNOR & SARGENT PLLC**
1200 Fifth Avenue, Suite 1650
Seattle WA 98101
(206) 654-5050 • FAX (206) 654-0011

(b) The information protected by this Order is the substance of the Confidential Information, no matter what form the information is in and no matter how the information might be communicated. The parties do not intend to in any way waive and hereby expressly reserve their right to assert and preserve the confidentiality of any information disclosed in this Proceeding that is not designated as Confidential Information pursuant to this Order.

(c) Recipients of Confidential Information pursuant to this Order shall exercise reasonable and appropriate care with regard to such Confidential Information to ensure that the confidential nature of the same is maintained.

(d) In the event any person in receipt of Confidential Information shall receive a written oral request, subpoena, or court order seeking disclosure of another party's Confidential Information, such person shall immediately, upon receipt of such request, subpoena, or court order notify counsel for the party that produced the Confidential Information of the request, subpoena, or court order and shall provide a copy of the same. Except in the case of an order requiring immediate production of the requested information, neither party shall disclose the other party's Confidential Information without giving the other party an opportunity to seek from this court an order governing disclosure of the requested information.

(e) If Confidential Information is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure shall immediately bring all the pertinent facts relating to such disclosure to the attention of counsel for all parties without prejudice to the right's and remedies of any party, and shall make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

(f) This Order is made to facilitate discovery and the production of discoverable evidence in this action. Neither the execution of this Stipulated Order by the parties, the

designation of any information as Confidential Information under the Order, the failure to make such designation, or the failure to object to such designation by either party shall constitute evidence with respect to any issue in this litigation.  This Order shall not abrogate or diminish any contractual, statutory other legal right or obligation any party may have with respect to information disclosed in this matter.

    (g)    Nothing herein shall prevent a Designating Party from using or disclosing its own Confidential Information.

## **ORDER**

**IT IS SO ORDERED.**

DATED this 14th day of July, 2009.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

Jointly Presented by:
s/ Stephen P. Connor
WSBA #14305
Anne-Marie E. Sargent #27160
CONNOR & SARGENT PLLC
1200 Fifth Ave Ste 1650
Seattle, WA  98101
Tel:  (206) 654-5050
Fax:  (206) 624-5469
Email:  steve@cslawfirm.net
Email:  aes@cslawfirm.net
*Attorneys for Plaintiff Hart*

s/ Robert H. Lavitt
WSBA #27758
SCHWERIN CAMPBELL BARNARD IGLITZIN & LAVITT
18 W Mercer St Ste 400
Seattle, WA 98119
Tel: (206) 285-2828
Fax: (206) 378-4132
Email: lavitt@workerlaw.com
*Attorneys for ILWU and ILWU Local 21*

s/Jacob F. Rukeyser
Admitted *Pro Hac Vice*
LEONARD CARDER LLP
1188 Franklin St Ste 201
San Francisco, CA 94109
Tel: (415) 771-6400
Email: jrukeyser@leonardcarder.com
*Attorneys for ILWU and ILWU Local 21*

s/Clemens H. Barnes
WSBA #4905
Graham & Dunn PC
2801 Alaskan Way, Suite 300
Seattle, WA 98121-1128
Tel: (206) 340-9681
Fax: (2060340-9599
Email: cbarnes@grahamdunn.com
*Attorneys for PMA*